**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
MIGUEL ANGEL URIETA-JAIMES,

                      Petitioner,

    -against-                                    23 **CIVIL** 8090 (LTS)

                                                      **<u>JUDGMENT</u>**

J.L. JAIMISON, WARDEN,

                      Respondent.
-----------------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memo Endorsed Order dated January 26, 2024, the Habeas Petition filed by Miguel Angel Urieta-Jaimes ("Petitioner"), pursuant to 28 U.S.C. section 2241, is denied. On November 28, 2017, the U.S. District Court for the District of South Carolina sentenced Petitioner to a total 157-month term of imprisonment for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(8), and possession of a firearm during a drug crime, in violation of 18 U.S.C. § 924(c) (2)(A)(I). Petitioner claims that he was unlawfully barred from earning time credits ("ETCs")-based on discrimination by the BOP against-Petitioner, who is not a U.S. citizen. The claim fails for two reasons. First, Petitioner failed to exhaust his administrative remedies, as he is required to do under Section 2241. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001 ). "The exhaustion requirement protects the authority of administrative agencies, limits interference in agency affairs, develops the factual record to make judicial review more efficient, and resolves issues to render judicial review unnecessary." Rosenthal v. Kilnan, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citation and internal quotation marks omitted). Petitioner concedes he did not exhaust, but

claims the requirement does not apply here because exhaustion would have been futile. In particular, Petitioner claims that BOP decided that he was not eligible for relief under the First Step Act ("FSA") as a non-resident "alien." This is not exhaustion, as the BOP merely determined that as a matter of statutory interpretation, Petitioner was not eligible for relief under the FSA. See Hajati v. U.S. Dep't of Probation, No. 22-887, 2023 WL 2895903, at *2 (D. Conn, Mar. 24, 2023) (rejecting the petitioner's claim that exhaustion was not applicable because it involved statutory interpretation). Moreover, the bypassing of the administrative remedy option, even under such circumstances, denied BOP the opportunity to develop a factual record that makes review more efficient. See Rosenthal, 667 F. Supp. 2d at 366. Second, the Petition fails on the merits, as inmates are ineligible to receive ETC if "serving a sentence under any of the following provisions of law... Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" 18 U.S.C. § 3632(d)(4)(D)(xxii); see also Messa v. Barraza, No. 23-cv-1209, 2023 WL 6609018, at *3 (M.D. Pa. Oct. 10, 2023) (where petitioner was convicted of carrying a short-barred shotgun during and in relation to a drug trafficking crime/crime of violence in violation of 18 U.S.C. § 924(c), court ruled that BOP properly found inmate ineligible for ETC under the FSA based upon disqualifying offense as specified in 18 U.S.C. § 3632(d)(4)(D)(xxii)). Thus, contrary to Petitioner's unsubstantiated assertion, he was not denied ETCs because of his immigration status, but because his conviction under Section 924(c) barred him, as a matter of law, from earning them. There is plainly a rational basis for this legal provision, and therefore Petitioner has no equal protection claim. See United States v. Powell, No. 2:11-CR-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023) (noting that "there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted

of other offenses."). And, because Petitioner does not provide any other basis to substantiate the claim that he was the victim of unlawful disparate treatment, the court concludes that his claim lacks merit. As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3}, that any appeal from the order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Judgment is entered for Respondent; accordingly, the case is closed.

**Dated:**  New York, New York

      January 29, 2024

 

**RUBY J. KRAJICK**
_____
**Clerk of Court**

**BY:** *K. Mango*
_____
**Deputy Clerk**